Herbert C. OAKES, Judgment Creditor, Betty O. Muka, Assignee of Judgment, Plaintiffs–Appellants,

v.

HORIZON FINANCIAL, S.A., Horizon Financial Corporation, Michael D. Hackney, Michael D. Hackney, as President and/or agent of Horizon Financial Corporation and as a private individual, Defendants–Appellees.

No. 01–10025

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit

July 31, 2001.

---

Edwin G. Torres, Steel Hector & Davis, Miami, FL, for Defendants–Appellees.

Before EDMONDSON, WILSON and FAY, Circuit Judges.

PER CURIAM:

Herbert C. Oakes and Betty O. Muka ("Oakes") appeal the district court's denial of their *pro se* motion for relief from a 1986 judgment pursuant to Fed.R.Civ.P. 60(b). On appeal, Oakes and Muka argue that the district court erred by denying the Rule 60(b)(4) motion because the district court's 1986 order vacating the registration of a foreign judgment was void as the court lacked subject matter jurisdiction. They contend that a judicial action was never commenced because a complaint was never filed, and, therefore, there was no pleading properly before the court on which to rule. We disagree and affirm.

This case arises from the denial of Oakes' Fed.R.Civ.P. 60(b) motion to vacate a twelve-year-old order. The following are the facts leading up to the Rule 60(b) motion. In a federal district court in Texas, Oakes had obtained a money judgment against Horizon Financial Corporation and its President, Michael D. Hackney. In 1985, Oakes registered that judgment under 28 U.S.C. § 1963 with the federal district court in Florida by filing a certificate from the Texas district court verifying that the judgment was final. The Florida district court issued writs of garnishment under which Oakes could enforce the judgment.

The defendants moved the federal district court in Florida to vacate the registration of the judgment, quash the writs, and stay any further enforcement of the judgment, arguing that the judgment was not final because, at the time of the certification, they had a pending motion for a new trial in the Texas district court and a notice of appeal in the Fifth U.S. Circuit Court of Appeals. In 1986, the federal district court in Florida granted the defendants' motion to vacate the registration, quash the writs, and stay enforcement of the judgment, based on the Texas court having quashed the registration certificate. There was no appeal.

Twelve years later, in 1998, Oakes filed the current Rule 60(b) motion in a federal district court in Florida, requesting the court to vacate its previous 1986 order that granted the defendants' motion to vacate the registration and quash the writs of garnishment. Oakes argued, among other things, that the Texas court order quashing the certificate and the Florida court order vacating the registration were void because they were based on the defendants filing an untimely motion for a new trial and notice of appeal.

The defendants opposed the motion, arguing, among other things, that Oakes was bringing this motion 12 years after the order was issued. Oakes replied by con-

ceding that the motion for a new trial and notice of appeal were not untimely, and withdrew those arguments. Oakes still maintained, however, that the federal district court in Florida acted without jurisdiction by imposing a stay on enforcing the judgment. Oakes contended that the judgment was thus void as "fraudulent" and "jurisdictionless" under either Rule 60(b)(4), (5), or (6), which allow a reasonable time limit.

The federal district court in Florida did not address arguments individually, but dismissed Oakes' Rule 60(b) motion, finding that under no interpretation of the law could twelve years between the issuance of the original order and the Rule 60(b) motion be a reasonable time within which to bring the motion. The district court summarily denied Oakes' motion for reconsideration. Oakes appealed.

Because a jurisdictional defect may be challenged at any time, this Court reversed and remanded to the district court to rule on Oakes' Rule 60(b)(4) claim. On remand, the district court again denied Oakes' Rule 60(b)(4) motion, finding that where a foreign judgment has been registered in violation of 28 U.S.C. § 1963, the district court where the judgment is registered has subject matter jurisdiction to annul or vacate it. Thus, the court concluded that Oakes failed to demonstrate entitlement to relief under Rule 60(b) as the district court had subject matter jurisdiction in 1986 to vacate the registration of the judgment. This appeal followed.

■■■ On November 30, 2000, the district court entered an Omnibus Order on Remand [1] which recounts the history of this matter and the legal issue surrounding jurisdiction. We adopt the discussion labeled Legal Analysis and agree with the Sixth Circuit's holding and conclusions as expressed in *Ohio Hoist Mfg. Co. v. Liroc-*

*chi,* 490 F.2d 105 (6th Cir.1974). A substantial federal question is presented, and thus federal jurisdiction exists, where a foreign judgment has been registered in violation of 28 U.S.C. § 1963.

AFFIRMED.

## APPENDIX

HERBERT C. OAKES, Plaintiff,

v.

HORIZON FINANCIAL CORP. and MICHAEL D. HACKNEY, Defendants.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No. 85-3361-CIV-UNGARO-BENAGES

Nov. 30, 2000.

UNGARO-BENAGES, District Judge:

## OMNIBUS ORDER ON REMAND

THIS CAUSE is before the Court upon Mandate of the Eleventh Circuit Court of Appeals entered on June 12, 2000, the parties' briefing on Muka's Motion to Vacate the May 27, 1986 Order, and Motion of Judgment Creditor Muka for the Court to Accept 10/18/2000 Counter–Reply Memorandum of Law on the Pending Motion to Vacate, received in Chambers on or about October 19, 2000.

THE COURT has considered the Mandate, the parties' briefing, the pertinent portions of the record and is otherwise fully advised in the premises. By Mandate entered June 12, 2000, the Eleventh Circuit Court of Appeals affirmed in part and reversed and remanded in part the late Honorable James W. Kehoe's December 1, 1998 Order denying Judgment Assignee Betty Muka's ("Muka") Motion to Vacate Order Dated 5/27/86. Specifically,

1. A copy is attached as an appendix.

 

the Eleventh Circuit reversed and remanded that portion of the December 1st Order which denied Muka's motion to vacate under Rule 60(b)(4) Judge Kehoe's May 27, 1986 Order vacating the registration of a foreign judgment. The Eleventh Circuit directed this Court to consider Muka's arguments in this regard on the merits. By Order dated August 7, 2000, the undersigned set a briefing schedule on this issue. Upon careful consideration of the parties' memoranda and the relevant case law and for the reasons discussed below, the Court finds that Muka's contention that subject matter jurisdiction to vacate the foreign registration was lacking or that the May 27, 1986 Order was otherwise defective under Rule 60(b)(4) is without merit.

## PROCEDURAL BACKGROUND

This action stems from an April 11, 1985 judgment entered in favor of Herbert Oakes ("Oakes") against Michael D. Hackney ("Hackney") and Horizon Financial Corporation by the United States District Court for the Southern District of Texas (the "Texas Judgment").[1] Four days before Hackney filed his Notice of Appeal to the Fifth Circuit Court of Appeals and over a year before the Fifth Circuit affirmed the Texas Judgment, on October 21, 1985, Oakes filed papers in this Court to effect registration of the Texas Judgment and obtained writs of garnishment to enforce the judgment.[2]

Arguing that the Texas Judgment was still on appeal and not yet final, on February 21, 1986, Hackney filed a motion to vacate the registration, quash the writs and stay enforcement of the Texas Judgment until resolution of the appeal. Additionally, Hackney's motion sought attorney's fees and costs for Muka's improper participation in the registration proceeding after being suspended from the practice of law.

Noting that the Southern District of Texas had quashed its certification of the Texas Judgment for registration in another district, Judge Kehoe granted Hackney's motion to vacate the registration and dismissed the action by Order dated May 27, 1986 (the "1986 Order").[3]

The next record action did not occur until twelve years later when, on July 16, 1998, Muka file a motion to vacate the 1986 Order under Rule 60(b)(1)-(6). By Order dated December 1, 1998, Judge Kehoe denied the motion based on its untimeliness as well as principles of res judicata and collateral estoppel. On December 31, 1998, Muka filed a motion for reconsideration which this Court denied by Order dated January 27, 1999.

Muka appealed Judge Kehoe's December 1st Order and the undersigned's January 27th Order. The Eleventh Circuit reversed and remanded only those portions of the Orders regarding denial of relief under Rule 60(b)(4) for reconsideration of Muka's arguments in this regard on the merits.

## LEGAL ANALYSIS

 Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that a court

---

1. At the July 21, 2000 Planning and Scheduling Conference, the parties represented that Horizon Financial Corporation has been dissolved.

2. At some point during the pendency of this case, Oakes assigned the Texas Judgment to Muka, his sister.

3. Judge Kehoe also granted the motion to vacate the registration to the extent it sought attorney's fees and costs.

may relieve a party from an order or final judgment that is void. A judgment is "void" under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law. *See, e.g., United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 661–62 (1st Cir.1990) (explaining that the concept of void judgments must be narrowly construed to comport with the interests of finality). Muka contends that the 1986 Order is void because it was rendered in violation of due process of law and because subject matter jurisdiction to vacate the registration of the Texas Judgment was lacking.[4]

First, Muka argues that the 1986 Order was rendered in violation of due process because Oakes did not have notice of the motion to vacate the registration of the Texas Judgment. *See Blaney v. West,* 209 F.3d 1027, 1031 (7th Cir.2000). Muka's assertion is belied by the record.

Hackney's motion to vacate purports to have been served upon Oakes and Muka on February 14, 1986. More importantly, Oakes responded to the motion by filing a motion to strike (DE 20), an opposition memorandum (DE 21), and an objection to an addendum to the motion to vacate (DE 27). In short, the 1986 Order was not rendered in a manner inconsistent with due process as Oakes had notice of the motion to vacate and took advantage of several opportunities to be heard on the matter.

Next, Muka argues that Judge Kehoe lacked subject matter jurisdiction to vacate the registration of the Texas Judgment

because a complaint was not filed nor was a "plenary action" commenced in connection with the registration of the Texas Judgment. The Court disagrees.

As the Sixth Circuit found in *Ohio Hoist Mfg. Co. v. Lirocchi,* 490 F.2d 105, 108 (6th Cir.1974), a substantial federal question is presented, and thus federal jurisdiction exists, where a foreign judgment has been registered in violation of 28 U.S.C. § 1963. *See also Sephus v. Gozelski,* 864 F.2d 1546 (11th Cir.1989) (finding that the substantial federal question presented in *Ohio Hoist,* i.e. the questionable validity of the registration of the foreign judgment, was not present). Muka cannot reasonably dispute that the 1986 Order merely vacated the registration of the Texas Judgment based on its invalidity under § 1963 and dismissed the action. *See Ohio Hoist,* 490 F.2d at 107 ("[I]t seems clear that the registering court has authority, necessarily implied from § 1963 and as a matter of inherent jurisdiction, ... to grant relief ... by annulling or vacating the registered judgment...."). Consequently, subject matter jurisdiction existed to render the 1986 Order vacating the Texas Judgment's registration.

As Hackney argues and a careful review of the balance of Muka's opposition memorandum reveals, Muka actually seeks relief from the 1986 Order based on arguments that Judge Kehoe's decision to vacate the registration of the Texas Judgment was erroneous. However, it is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4). *See Chambers v. Armontrout,* 16 F.3d 257, 260 (8th Cir.1994) (rejecting district court's failure to comply with an ap-

---

4. Muka also states throughout her opposition memorandum that personal jurisdiction was lacking. Other than her conclusory assertions, however, Muka fails to explain how Judge Kehoe lacked jurisdiction over the

parties to vacate the Texas Judgment as the parties voluntarily appeared to initiate the proceeding here and seek vacation of the judgment's registration.

pellate mandate as a sufficient basis for rendering order void under Rule 60(b)(4)); *Boch Oldsmobile,* 909 F.2d at 661–62 (explaining that relief under Rule 60(b)(4) requires a total want of jurisdiction in contrast to an error in the exercise of that jurisdiction); *Gulf Coast Building & Supply Co. v. International Brotherhood of Elec. Workers,* 460 F.2d 105, 108 (5th Cir. 1972) (noting that an error in law is insufficient to render a judgment void under Rule 60(b)(4)). Thus, Muka has failed to demonstrate that she is entitled to relief from the 1986 Order pursuant to Rule 60(b)(4).[5] Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Vacate the May 27, 1986 Order is DENIED. It is further

ORDERED AND ADJUDGED that the Motion of Judgment Creditor Muka for the Court to Accept 10/18/2000 Counter–Reply Memorandum of Law on the Pending Motion to Vacate is DENIED for the reasons stated in Hackney's opposition memorandum.

---

5. To the extent Muka contends that she is entitled to relief from that portion of the 1986 Order imposing attorney's fees and costs, the Court is unpersuaded that Judge Kehoe lacked inherent authority or authority under Fed.R.Civ.P. 16 to impose the monetary sanctions. *See Mroz v. Glatter,* 65 F.3d 1567, 1575 (11th Cir.1995) (noting that a court's inherent power may be invoked even if procedural rules exist which would authorize sanctioning the improper conduct). Moreover, Oakes also had notice of and an opportunity to be heard on the motion to vacate to the extent it sought attorney's fees. As discussed, to the extent Muka argues that the imposition of these sanctions was erroneous, this alone is insufficient to support relief under Rule 60(b)(4).

